Dear Mr. Upton:
On behalf of the Red River Waterway Commission ("RRWC") you have asked several questions regarding the sale of surplus immovable property. The RRWC is the governing body of the Red River Waterway District, a special district created by R.S.34:2301 et seq. pursuant to the authority in Article VI, Section 19 of the Louisiana Constitution. It was created for the purpose of establishing, operating and maintaining a navigable waterway system in the Red River. Special districts are political subdivisions of the State as defined in La. Const. Art. VI, Sec. 44.
About thirty years ago the RRWC began purchasing land along the Red River for use by the U.S. Army Corps of Engineers (the "Corps") in the construction of the waterway. The construction phase of the project is nearing completion, and the Corps has indicated that it is unlikely it will need all of the tracts. The public has expressed an interest in purchasing some of these properties, should they be deemed surplus. The RRWC has already received one offer to purchase property and anticipates receiving additional offers. The tracts in question are waterfront tracts along the Red River, and their value is expected to be substantial.
As you are aware, there is no statute or regulation that requires the RRWC to use a specific method to sell its surplus immovable property. However, you have identified three legal provisions related to the sale of public immovable property and asked questions regarding their interplay. The provisions are Article 7, Section 14 of the La. Constitution, R.S. 41:1338, and Mineral Code Article 149. We will briefly describe these provisions and then answer your questions in the order in which you asked them.
La. Const. Article 7, Sec. 14 prohibits the donation of public funds or anything of value belonging to the State or its political subdivisions. R.S. 41:1338 requires that property acquired by a political subdivision be offered back for sale to the original grantor, donor or vendor, or his successors in title, before it can be sold to a third party. This *Page 2 
preferential right or option to purchase property when it becomes available is commonly referred to as a "right of first refusal". We will refer to the offer or right of first refusal required by this section as the "Section 1338 offer". Mineral Code Article 149[1] requires that property subject to a mineral reservation at the time it is expropriated by a political subdivision must first be offered back for sale to the person or entity (or heirs or successors of either) from whom it was originally acquired, provided such person or entity still retains the mineral rights reserved. We will refer to the offer or right of first refusal required by this article as the "Article 149 offer".
1. How is "fair market value" determined for purposes of Section 1338and Mineral Code Article 149, taking into consideration the requirementof La. Const. Article VII, Section 14?
La. R.S. 41:131, et seq., provides the usual method for the disposal of surplus, state owned immovable property, which is by public bid after the minimum bid is established by appraisal. R.S. 33:4711 et seq., provides an alternative approach for immovable property owned by municipalities and parishes, and allows for private or public sales. Although there is no prohibition against private sales by the RRWC, our office has previously opined that as a matter of good public policy, the sale of surplus immovable property should be made by public sale. (See Atty. Gen. Op. No. 01-06). Thus the preferred approach is to have the property appraised and sold by public bid, with the appraised value as the minimum bid price. The highest bid received at the public offering will be the price at which the property must be offered back to the original grantor pursuant to Section 1338 and Article 149. If the original grantor does not elect to purchase the property at the highest bid price, the property is then sold to the highest bidder at his bid price. NOTE: The original grantor's right to purchase the property at the highest bid price (the right of first refusal) must be specifically set out in the advertising for the sale. (For an expanded discussion, see La. Atty.Gen.Op. No. 01-06)
2. Do the requirements of Section 1338 apply to a current sale ofproperty, if the property was acquired by RRWC prior to August 1980, theeffective date of Section 1338?
This question appears to address the retroactivity of Section 1338. In general, laws cannot be applied retroactively. La. Civil Code Article 6
provides that "in the absence of contrary legislative expression, substantive laws apply prospectively only". Since Section 1338 is a substantive law, it must be applied prospectively only.
However, the determinative date for the application of Section 1338 is the date on which the entity decides to sell its immovable property, not the date on which it acquired the property. In this case, the requirements of Section 1338 are triggered by the RRWC's decision to sell the property. Therefore, any sale of the RRWC's immovable property *Page 3 
must be offered back to the original grantor pursuant to Section 1338, regardless of when RRWC acquired it.
3) Does amended Mineral Code Article 149, effective August 8, 2004,apply to property acquired by the RRWC before 2004?
For the reasons stated in Question No. 2 above, the application of Article 149 is triggered when the RRWC decides to sell its immovable property. Therefore, Section 149 applies to all sales of RRWC immovable property. Although comments included with statutes are not part of the statute, comment (f) for Section 149 states that the section applies to property acquired before its effective date, and is supportive of our conclusion.
4) To whom must an offer be made pursuant to Section 1338 and MineralCode Article 149?
Section 1338 provides that the RRWC's offer to sell must be made to"the original grantor, donor, or vendor, or his successors in title,unless the act of sale, donation, or other contractual agreement bywhich the property was acquired otherwise stipulates." Article 149 provides that the RRWC's offer to sell must be made to "the person orentity, or his heirs or successors, from whom such right or interest wasoriginally acquired, if such person or entity still retains the mineralrights reserved." In our opinion, the category of persons or entities described in Section 1338 and Article 149 is the same. The original grantor or his successors in title has the same meaning as the person or entity or his heirs or successors from whom such interest was acquired. Since these descriptions are similar, there appears to be little likelihood that two people or entities will simultaneously have a right of first refusal.
Mineral Code Article 149 is more narrow in its application than Section 1338. Mineral Code Article 149 applies only to persons or entities whose property was acquired by expropriation, and who stillretain the reserved mineral rights in the property. As you noted, the RRWC expropriated very little property, so few grantors will be entitled to Article 149 offer. And of those properties that were expropriated, the Article 149 offer is only required if the person or entity still retains the reserved mineral rights in the property. Section 1338 is not limited to property acquired by expropriation, so it application will be broader.
You have outlined the following hypothetical facts as a basis for examining the applicability of these sections.
 Mr. Brown owns Tract A, a rectangular tract of land contiguous to the Red River, and all mineral rights in Tract A. In 1972, Mr. Brown sold to one-fourth (1/4) of Tract A to the RRWC, reserving in the Act of Sale all mineral rights in the property. This portion of Tract A purchased by RRWC is contiguous to the Red River and will be called Tract A-1. Mr. *Page 4 
Brown's remaining property, called Tract A-2, is contiguous to Tract A-1, but not contiguous to the Red River. In 2006, the RRWC determines Tract A-1 is surplus and decides to sell it.
In your first example, you assume Mr. Brown still owns the remaining Tract A-2 and the mineral rights under the Tract A-1 in 2006, and you ask to whom an offer must be made and pursuant to which section. In this scenario, Mr. Brown must be offered Tract A-1 pursuant to Section 1338, because he is the original grantor of the property to the RRWC. The fact that he still owns Tract A-2 is irrelevant to Section 1338 determination. Mineral Code Article 149 does not apply to this situation because the land was not expropriated. If the Tract A-1 had been expropriated, Mr. Brown would also be entitled to an offer back pursuant to Article 149, because he reserved the minerals when he sold the property and he still owns them. Ownership of Tract A-2 is irrelevant to the Article 149 determination as well.
In your second example, you assume Mr. Brown died in 2000, and his two sons inherited his entire estate in indivision. We are adding the assumption that Mr. Brown had not sold or otherwise alienated his mineral rights in Tract A-1 or his right of first refusal in the sale of Tract A-1 prior to his death. In this case, his sons, who are his heirs, are successors in title pursuant to Section 1338 and must be offered the property. The ownership of the Tract A-2, the remaining portion of the original tract is irrelevant to this determination. Mineral Code Article 149 does not apply, because the property was not expropriated. If the property had been expropriated, and his sons still owned the mineral rights in Tract A-1, they would also be entitled to an offer back pursuant to Article 149.
Your third example assumes Mr. Brown sold Tract A-2, or the remaining portion of his property, to Mr. Jones by an Act of Sale which makes no reference to Section 1338 or Mineral Rights. In this case the Section 1338 offer must still be made to Mr. Brown as the original grantor of Tract A-1. The ownership of the remaining property, Tract A-2, is irrelevant to this determination, unless Mr. Brown also expressly sold Mr. Jones his right of first refusal in Tract A-1. Without an express transfer of the right of first refusal pursuant to Section 1338 or Article 149, the right belongs to the original grantor of the property, which is Mr. Brown.
5) Can the expectation of receiving an offer pursuant to Section 1338or Mineral Code Article 149 be sold to a third party? If so, can thethird party transferee exercise the offer even if the third party doesnot own adjoining property?
Pursuant to the La. Civil Code 1765, every obligation is deemed heritable as to all parties, except when the contrary results from the terms or from the nature of the contract creating it. Additionally, a heritable obligation is also transferable between living persons. Therefore, the right of first refusal granted by Section 1338 and Article 149 may be transferred or sold by the one who owns it. The ownership of property adjoining property acquired by the RRWC is irrelevant to the determination of who is *Page 5 
entitled to the right of first refusal on property acquired by the RRWC. In our opinion, the right of first refusal required by Section 1338 and Article 149 are heritable personal rights and are transferable. The statutory language of both Section 1339 and 149 clearly expresses an intent that the rights be transferable.
We trust this adequately answers your questions. If you need anything further, please do not hesitate to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 DENISE BROU FITZGERALD
 ASSISTANT ATTORNEY GENERAL
 CCF, Jr./DBF/tp
[1] R.S. 30:149; The La. Mineral Code is found in R.S. 30:1 et seq.